WILLIAM MOORE SMITH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 21387-88
United States Tax Court
T.C. Memo 1990-457; 1990 Tax Ct. Memo LEXIS 499; 60 T.C.M. (CCH) 595; T.C.M. (RIA) 90457; August 23, 1990, Filed *499 Decision will be entered pursuant to Rule 155. William M. Smith, pro se. Jonathan Silver, for the respondent. BUCKLEY, Special Trial Judge. BUCKLEY
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) of the Code and Rule 180 et seq. [1]
*500 Respondent determined a deficiency in petitioner's Federal income tax for the year 1985 in the amount of $ 2,776 together with additions to tax under section 6653(a)(1) in the amount of $ 139 and under section 6653(a)(2) in the amount of 50 percent of the interest on $ 2,776. The only issues for decision are whether petitioner failed to report certain dividend, interest, and capital gains income in 1985 and, if so, whether such failure was due to negligence. Some of the facts were stipulated and are so found. Petitioner filed a Federal income tax return for the year in issue. Petitioner resided in Silver Spring, Maryland, at the time the petition herein was filed. Petitioner received a cash dividend from Monsanto, Inc. in 1985 of $ 490. Additionally, he received dividend and interest payments of $ 3,220, $ 550, and $ 979 all of which were paid into petitioner's Legg Mason Wood Walker (hereafter Legg Mason) account in 1985. Petitioner did not receive dividend income from J.P. Morgan & Co., Inc. in 1985. On his 1985 tax return, petitioner did not report any income from dividends received in regard to stock in Monsanto Co., Inc. Petitioner also did not report dividend and *501 interest income received or credited to his account by Legg Mason. Petitioner aggregated his assets, interest, dividends, stocks, and money held in the Legg Mason account. Then, he deducted margin interest and fixed costs which included capital gains and losses, commissions, transfer taxes, and fees from the total. Petitioner reported only his net profit upon a capital gain basis. Petitioner argues that the manner in which he reported the results of the account were correct; alternatively, he argues that it was too difficult to separate out certain assets and report the results individually for tax purposes. The basis of his contention is that in such transactions no certificate is issued to the customer or earmarked for him; all certificates for stock of the same kind are commingled and held by the broker for the common benefit of all customers with that particular stock. The fallacy of this argument is the assumption that shares of stock can only be identified through stock certificates. However, identification is satisfied by a designation of securities to be sold and purchased on *502 a particular date and at a particular price. Helvering v. Rankin, 295 U.S. 123, 128-29 (1935); see also Snyder v. Commissioner, 295 U.S. 134, 137 (1935). Additionally, petitioner alleges he did not pay taxes on the interest and dividends because he did not receive the interest or dividends which were held in a margin account used for trading purposes. It is inconsequential for purposes of Federal income taxation that petitioner did not physically receive the interest, dividend, and capital gains distributions reported by Legg Mason in 1985. Although petitioner did not have actual possession of the income, he constructively received it when it was credited to his account. See section 1.451-2(a), Income Tax Regs. Petitioner clearly received a tangible economic benefit through his margin account. The doctrine of constructive receipt recognizes that income generated by a margin account should be taxed to the stockholder because of its accessibility to the holder at all times. The fact that stock was held in the account for reinvestment purposes does not affect the tax liability of the income derived from the assets *503 in the account. Cf. Christoffersen v. United States, 749 F.2d 513, 516 (8th Cir. 1984). We note that petitioner received a substitute Form 1099-Div from Legg Mason which set forth in detail the cash dividends and interest which he received during 1985, as well as $ 1,603.49 in interest he paid Legg Mason. Further, petitioner also received monthly reports which set forth full information on his account. We are unimpressed by petitioner's "difficulty" argument. Petitioner is entitled, as conceded by respondent, to a deduction for interest he paid on this account in the amount of $ 1,603.49. Last, we note that petitioner contended at trial that his rights were violated under the Taxpayer Bill of Rights but we were unable to discern any foundation for his contentions. Petitioner has presented us with no argument in regard to the additions to tax for negligence, other than that he had aggregated his margin accounts in earlier years and had not been questioned by the Internal Revenue Service. Petitioner was provided specific information regarding the dividends and interest he received during 1985. Petitioner struck us as a sophisticated person who clearly should *504 have understood he was responsible for reporting these items separately. Respondent's determination of additions to tax for negligence is upheld. Decision will be entered pursuant to Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩